IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:15cv458-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Terry McCormick, ("Plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*, on March 28, 2012. His applications were denied at the initial administrative level on July 26, 2012. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding that Plaintiff had not been under a disability as defined in the Social Security Act, from March 8, 2012, through the date for her decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Plaintiff appealed the ALJ's decision to the Appeals Council and his request for review was denied on May 27, 2015.  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 18); Def.'s Consent to Jurisdiction (Doc. 17).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>       impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
>       (4) Is the person unable to perform his or her former occupation?
>       (5) Is the person unable to perform any other work within the economy?
>
>       An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant

---

[3]   *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

At the time of the ALJ hearing, Plaintiff was forty-two years old and had completed ninth grade.  Tr. 45, 52.  Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since March 8, 2012, the alleged onset date[.]"  Tr. 24.  At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease; hypertension; chronic pain syndrome; history of lumbar fracture; ischemic heart disease; alcohol abuse; bi-polar II disorder and history of asthma[.]"  Tr. 24.  At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]"  Tr. 24.  Additionally, the ALJ found that Plaintiff, "[w]ith regard to concentration, persistence or pace . . . has moderate difficulties."  Tr. 25.  Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he could occasionally perform pushing and/or pulling of foot controls with the right lower extremity.  He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  He can never climb ladders or scaffolds.  Mr. McCormick can never work in environments of unprotected heights or

> hazardous moving mechanical parts.  The claimant must avoid concentrated exposure to humidity, wetness, vibrations and extreme cold.  The claimant should have the option to sit and/or stand at will.  He is limited to simple tasks.

Tr. 26.  Having consulted with a VE at the hearing, the ALJ concluded at Step Four that Plaintiff is "unable to perform any past relevant work[.]"  Tr. 34.  Finally, at Step Five, and based upon the testimony of the VE, the ALJ determined that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]"  Tr. 34.  The ALJ identified several representative occupations, including "assembler," "inspector," and "garment folder."  Tr. 35.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from March 8, 2012, through the date of this decision[.]"  Tr. 35.

## IV. PLAINTIFF'S CLAIM

Plaintiff presents one argument for reversal of the Commissioner's decision: "[t]he ALJ failed to include[ ] the claimant's moderate limitations in concentration, persistence and pace in her hypothetical question to the VE."  Pl.'s Br. (Doc. 12) at 11.[5]

---

[5] Plaintiff's brief contains two arguments for reversal, *see* Doc. 12 at 10-11; however, in Plaintiff's "Response to Memorandum of the Commissioner" (Doc. 16), Plaintiff asks the court to disregard his second argument, as Plaintiff's attorney misread the administrative transcript when writing Plaintiff's brief.  Doc. 16 at 1.  As such, Plaintiff concedes his second argument, and it will not be considered by the court.

## V. DISCUSSION

Plaintiff argues that "[b]ecause the ALJ asked the VE a hypothetical question that failed to include or otherwise implicitly account for all of [Plaintiff's] impairments . . . the VE's testimony is not substantial evidence, and cannot support the ALJ's conclusion that [Plaintiff] can perform significant numbers of jobs in the national economy." Doc. 12 at 15. Specifically, Plaintiff argues that despite "determin[ing] at step two that [Plaintiff's] mental impairments caused a moderate limitation[ ] in maintaining concentration, persistence, and pace," "the ALJ did not include that limitation in her hypothetical." Doc. 12 at 13. Instead, "[t]he ALJ said only that '[Plaintiff] is limited to simple tasks.'" Doc. 12 at 13; Tr. 88. As part of that argument, Plaintiff asserts that, while the ALJ concludes that he "is able to sustain the focused attention and concentration necessary to permit timely and appropriate completion of tasks commonly found in routine and repetitive work settings," the ALJ does not explain how that is possible when Plaintiff is in pain. Doc. 12 at 14; Tr. 25.

In order for a VE's testimony regarding job availability in the national economy to constitute substantial evidence, it must be based upon a hypothetical question which comprises all of the claimant's impairments, including any impairments in concentration, persistence, or pace. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (determining that a hypothetical posed to a VE must account for limitations of concentration, persistence, or

7

pace). While impairments in concentration, persistence, or pace may be explicitly accounted for in a hypothetical, restricting a claimant to "simple work," "simple and routine tasks," or "unskilled work" is sufficient when the medical evidence of record indicates that a claimant retains the ability to work despite those limitations. *See Lee v. Comm'r of Soc. Sec.*, 551 F. App'x 539, 541 (11th Cir. 2014) (holding that "[t]he ALJ adequately accounted for all of [the plaintiff's] impairments in the hypothetical posed to the VE because he implicitly accounted for [the plaintiff's] limitations in concentration, persistence, and pace when he imposed a limitation of simple work"); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872 (11th Cir. 2011) ("[A]n ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies."); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013) (noting that "limiting the hypothetical questions to include only unskilled work sufficiently accounts for the claimant's limitations in maintaining his concentration, persistence, or pace where the medical evidence demonstrates that the claimant can engage in simple, routine tasks or unskilled work despite [the claimant's] limitations"). Hypotheticals that adequately account for a claimant's limitations – albeit implicitly – are complete, and support an ALJ's finding that work exists in the national economy that a claimant could perform. *Thornton v. Comm'r of Soc. Sec.*, 597 F. App'x 604, 611 (11th Cir. 2015).

Here, in making the determination that there were jobs in the national economy that Plaintiff could perform, the ALJ relied upon the testimony of a VE. Tr. 35. The VE's testimony was based upon the following hypothetical:

> Assume a hypothetical individual with the same age, education, and work experience as the claimant. And the individual is limited to light work with occasional pushing and pulling of foot controls with the right lower extremity, occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. The individual can never work in environments of unprotected heights or hazardous moving mechanical parts. The individual can never climb ladders or scaffolds. The individual should avoid concentrated exposure to humidity and wetness, extreme cold and vibration. *The individual is limited to simple tasks.*

Tr. 87-88 (emphasis added). Clearly, that hypothetical does not explicitly refer to Plaintiff's moderate limitation in his ability to maintain concentration, persistence or pace; it does, nonetheless, limit Plaintiff to performing "simple tasks." Tr. 88. As discussed above, that restriction is sufficient, so long as the medical evidence indicates that Plaintiff retains the ability to work despite his limitations in his ability to maintain concentration, persistence or pace. *See Lee,* 551 F. App'x at 541; *Jacobs*, 520 F. App'x at 950-51; *Jarrett,* 422 F. App'x at 872.

The court concludes that substantial medical evidence indicates that Plaintiff retains the ability to work despite his moderate limitation in his ability to maintain concentration, persistence or pace. Plaintiff's Function Report, which was completed by Plaintiff in May 2012, indicates that Plaintiff is able to perform certain routine tasks (despite his moderate limitation in concentration, persistence or pace). In that report, Plaintiff states that he

9

"cares for his son"; "has no problems with personal care or grooming"; "does not need reminders to take his medicine or to take care of personal needs"; "is able to prepare his own meals usually three to four times a week"; "is able to wash dishes a few at a time"; is "able to pick up a little outside"; "is able to go outside regularly and usually walks around or sits outside"; "is able to shop in stores for food two to three times a month for two to three hours"; "is able to pay bills, count change[ ], handle a savings account and use a checkbook/money order"; "can pay attention for a long time but does not finish what he starts"; and "is pretty good following written instructions and good with spoken instructions." Tr. 27, 234-241.  The ALJ noted that those "activities are not consistent with a finding of disability." Tr. 33.  Further, with regards to Plaintiff's testimony concerning his disability, the ALJ discounted Plaintiff's statements, declaring that she is "not convinced that [Plaintiff] has been entirely credible concerning his impairments and the impact that these impairments have on his ability to work." Tr. 33.  Notably, Plaintiff does not challenge the ALJ's credibility findings.

In addition to Plaintiff's self-report, Dr. Thornton, whose opinion the ALJ afforded "great weight," opined that Plaintiff exhibited normal affect, mood, and speech. Tr. 33, 399-400.  Dr. Thornton also opined that Plaintiff could manage benefits, if he were to be awarded them, and could maintain proper work decisions. Tr. 400.  Regarding Plaintiff's physical limitations and their effects on Plaintiff's ability to do work, Dr. Slavich, whom the ALJ assigned "great weight," opined that "he did not see any significant impairments

10

that would preclude the claimant from doing work related activities such as sitting, standing, lifting, carrying, handling objects, hearing, speaking and traveling." Tr. 33, 402-03.  That conclusion was based upon his "essentially nonremarkable" examination of Plaintiff.  Tr. 33.

While Plaintiff argues that the ALJ failed to consider his limitations in concentration, persistence or pace *while Plaintiff is in pain*, the argument is unavailing. The ALJ specifically noted that although Plaintiff "testified [that] he has problems with concentration while he is in pain," "[h]e is able to pay bills and manage bank accounts." Tr. 25.  And, as noted above, the ALJ discredited Plaintiff's testimony concerning his impairments and the impact the impairments have on his ability to work.[6]  Tr. 33.

Because the "medical evidence demonstrates that [Plaintiff] can engage in simple, routine tasks or unskilled work despite [moderate] limitations in concentration, persistence, and pace," *Winschel*, 631 F.3d at 1180, the ALJ's hypothetical question was sufficient and accounted for all of Plaintiff's limitations.  Accordingly, substantial evidence supports the ALJ's finding that there are a significant number of jobs in the national economy that Plaintiff can perform.

For the foregoing reasons, the court finds that substantial evidence exists to support the ALJ's determination that Plaintiff is not disabled.

---

[6] Again, the court notes that Plaintiff does not challenge the ALJ's credibility finding.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 8th day of July, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE